UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
JUL 28 2022


| | |
|---|---|
| RACHEL EVENS,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT GUSINSKY,<br><br>Defendant. | 5:22-CV-5054-CBK<br><br><br><br>**MEMORANDUM AND ORDER** |

## I. BACKGROUND

Rachel Evens ("plaintiff") asks this Court to act as a court of appeal for the South Dakota Supreme Court concerning matters of state family law, in addition to entering the fray of ongoing (related) state litigation. This Court declines her invitation.

Ms. Evens brought suit against South Dakota Seventh Circuit Court Judge Robert Gusinsky, in his official and individual capacities, out of frustrations stemming out of past and ongoing state proceedings related to her acrimonious divorce with Timothy Evens. See doc. 1. Plaintiff raises a bevy of challenges (when straining to find coherent threads in her 74-page complaint), including the "[d]efendants' [sic] stark violation of protections guaranteed to the [p]laintiff by the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution and under Color of Law." Id. at 1. Because of Judge Gusinsky's supposed "egregious discrimination," Ms. Evens wants this Court to wade into contentious ongoing custody proceedings and interject into settled questions concerning her divorce. Id.

Ms. Evens originally appealed the Seventh Circuit Court's "judgment and decree" of divorce on "grounds of extreme cruelty" to the South Dakota Supreme Court, which released its published opinion in November 2020. See Evens v. Evens, 951 NW2d 268, 272 (S.D. 2020). In state litigation Evens also raised issue with "determinations

regarding child custody, property division, child support, and attorney fees and costs," as well as the trial court's "subsequent contempt order against her." Id. See id. at 283 n.11 (explaining how Evens emailed the state trial court that she would "'not be complying with your most recent order' because, in her view, it was 'not even based on facts.'") (emphasis in original). Unhappy with the South Dakota Supreme Court's decision as the highest authority on State law, plaintiff has continued her fruitless journey to attack past and present State litigation.

Judge Gusinsky is not the only judicial officer to come into Ms. Evens' crosshairs. Rather, he is the third. Both Seventh Circuit Court Judges Jeffrey Connolly and Heidi Lingrenn have been sued by plaintiff, resulting in both of their recusals from ongoing disputes in Pennington County, South Dakota. I take judicial notice of those ongoing proceedings. See 51DIV18-000041. Not satisfied with only suing Circuit Court judges, Ms. Evens has also sued members of the South Dakota Supreme Court in Minnesota federal court. See 9:20-cv-00165-DLC-KLD. Judge Gusinsky moves this Court to dismiss, arguing that it does not have subject matter jurisdiction concerning past and final state litigation pursuant to the Rooker-Feldman doctrine, that Younger abstention requires this Court not to entertain matters concerning ongoing state litigation, and in the alternative that claims of injunctive relief are barred under 42 U.S.C. § 1983, and that the defendant holds absolute immunity for money damages. See docs. 8, 9. As this Memorandum and Order will explain, this Court cannot hear appeals from the South Dakota Supreme Court on now-settled State litigation and should abstain from delving into ongoing State proceedings

## II. DISCUSSION

### A. Whether Rooker-Feldman Doctrine Applies to Final State Decisions Challenged by Plaintiff

Courts are tasked with first analyzing questions of adequate subject matter jurisdiction before addressing the merits of any underlying claims. See generally In re Finstad, 4 F.4th 593, 698 n.3 (8th Cir. 2021). First, the Court must decide whether it has subject matter jurisdiction over past State litigation brought by Ms. Evens; in effect,

2

whether the South Dakota Supreme Court's final disposition of state laws can be heard by this federal Court. The answer is beyond clear that there is no subject matter jurisdiction.

The South Dakota Supreme Court published an exhaustive opinion on Ms. Evens' divorce proceedings in 2020. See Evens v. Evens, 951 NW2d 268 (S.D. 2020). There, the State Supreme Court upheld the lower court's decision to grant "[former spouse Tim Evens'] request for a divorce on the grounds of extreme cruelty" on clear error review. Id. at 284. Further, the Court held, the trial court "did not abuse its discretion in its child custody determination, marital property division, child support calculation, or award of attorney fees." Id. Any matter that was tackled by the South Dakota Supreme Court in its opinion cannot now be attacked in federal court.

Under the Rooker-Feldman doctrine, "lower federal courts [are precluded] from exercising jurisdiction over actions seeking review of, or relief from, state court judgments." Webb as Next Friend of K.S. v. Smith, 936 F.3d 808, 816 (8th Cir. 2019) (internal quotation marks omitted). The U.S. Supreme Court has instructed lower courts to be leery of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). See also King v. City of Crestwood, Missouri, 899 F.3d 643, 647 (8th Cir. 2018) (explaining how Rooker-Feldman doctrine prevents lower federal courts from hearing claims that are "'inextricably intertwined' with state court decisions" already decided) (*quoting* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983)).

Here, when reading Evens' complaint with a liberal construction, she is bent on challenging past and ongoing state divorce proceedings. The applicability of the Rooker-Feldman doctrine can "sometimes [be] fuzzy on the margins." In re Athens/Alpha Gas Corp., 715 F.3d 230, 234 (8th Cir. 2013). But this is no such case. Rather, Evens simply seeks an end-run around unfavorable dispositions in State court. Any matter tackled by

the State Supreme Court in Evens v. Evens cannot be readdressed here.[1]  Specifically, in her "Information to Support Verified Complaint," Evens targets the South Dakota Supreme Court's decision that was supposedly "decided in full absence of jurisdiction." Doc. 1-1 at 13.  Any concerns of supposed improper subject matter jurisdiction in State court cannot be relitigated here.  To do otherwise would be to treat this court as a conduit for "direct appeal[s]" of state supreme courts interpreting state law.  King, 899 F.3d at 647 (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).  See also Caldwell v. DeWoskin, 831 F.3d 1005, 1008 (8th Cir. 2016) (holding lower federal courts cannot grant "relief from[] state court judgments.") (internal quotation marks omitted). Accordingly, this Court holds no subject matter jurisdiction for any claims brought by plaintiff that seek relief related to matters brought before the South Dakota Supreme Court in Evens v. Evens.

### B. Whether Younger Abstention is Applicable for Ongoing Challenged State Litigation

Next, Judge Gusinsky argues that this Court should exercise Younger abstention concerning any ongoing state litigation surrounding Ms. Evens' divorce disputes.  He is right.

Younger abstention, as articulated by the U.S. Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), is grounded in "interests of comity and federalism," originated as a bar from federal courts intervening in going state criminal proceedings. Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229, 237–38 (1984).  Since the Supreme Court's holding in 1971, it has expanded to some aspects of civil proceedings.  Federal courts are instructed to dismiss matters "when: (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions."  Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1249 (8th Cir. 2012) (internal quotation marks omitted).  See Oglala Sioux Tribe v. Flemming, 904 F.3d 603, 610 (8th Cir. 2018) ("Abstention is an exception to the

---

[1] Even if the Rooker-Feldman doctrine did not apply, plaintiff's attacks on past litigation would lose on *res judicata* grounds.

general rule that 'federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant.'") (*quoting* Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 73 (2013)).

When straining to read for cognizable theories in Ms. Evens' flurry of pages, she seems to take issue with Judge Gusinsky's rulings concerning ongoing divorce proceedings and "for speaking the truth through terminating her parental custody for two years." VERIFIED COMPLAINT, doc. 1 at 4–5. See also MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 12(B) MOTIONS TO DISMISS, doc. 9 ("Litigation continues relating to the application of that [prior State Supreme Court] decision"). Just as "South Dakota's temporary custody proceedings are civil enforcement proceedings to which Younger principles apply," so does any argument surrounding ongoing divorce and custody matters currently before Judge Gusinsky. Fleming, 904 F.3d at 610. All three elements for Younger abstention are readily apparent: (1) there are ongoing state proceedings in the Seventh Circuit Court, (2) implicating strong state interests, i.e., marital statuses and child custody, pillars of state interest typically far from the confines of federal court, and (3) there are ample opportunities in the Seventh Circuit Court to raise the flurry of federal constitutional arguments brought by Evens.

The U.S. Supreme Court has made clear that federal courts should be wary to delve into "the realm of domestic relations," where the "subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004), *abrogated on other grounds by* Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014). See also Hisquierdo v. Hisquierdo, 439 U.S. 572 (1979) ("Insofar as marriage is within temporal control, the States lay on the guiding hand."); Tony Alamo, 664 F.3d at 1249 ("[T]here is no doubt that state-court proceedings regarding the welfare of children reflect an important state interest that is plainly within the scope of the doctrine.") (*citing* Moore v. Sims, 442 U.S. 415, 423–24 (1979)); Lewis v. Seventh Circuit Court – South Dakota Unified Judicial Sys., 2018 WL 7247048, at *3 (D.S.D. Nov. 28, 2018) (explaining that domestic relations is "a traditional area of state

5

concern where federal abstention is particularly appropriate."). Case law and clear comity principles demand that this Court decline exercising jurisdiction over any pending divorce or custody matters in the Seventh Circuit Court.

### C. Other Arguments Raised by Defendant are Moot

Judge Gusinsky also raises substantive arguments concerning the inapplicability of 42 U.S.C. § 1983 in this matter, as well as claims of absolute immunity. Because the Court declines to exercise jurisdiction over this matter for the reasons stated above, these arguments are moot.

### III.   CONCLUSION

Lower federal courts do not sit as courts of appeal for state supreme courts deciding state law. Barring very few exceptions not applicable here (such as matters of collateral review), this Court cannot sit in judgment of the South Dakota Supreme Court. This is especially so in matters of state law grounded in core state interests like divorce and child custody proceedings.

If Ms. Evens wants to attack ongoing custody disputes in State court, her arguments must be raised in State court. This Court is not a backdoor around State litigation. Accordingly, the defendant's motions should be granted, and this matter should be dismissed concerning concluded State litigation and should be abstained related to ongoing State litigation.

IT IS HEREBY ORDERED that defendant Robert Gusinsky's Motions to Dismiss, Doc. 8, is granted.

DATED this 28th day of July, 2022

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge